| | |
|---|---|
| ANTHONY L. LABEL (SBN 205920)<br>THEO J. EMISON (SBN 209183)<br>**THE VEEN FIRM LLP**<br>20 Haight Street<br>San Francisco, CA 94102<br>Tel.: +1 415 673 4800<br>Fax: +1 415 771 5845<br>al.team@veenfirm.com<br>t.emison@veenfirm.com<br><br>Attorneys for Plaintiffs JULIO LOPEZ JIMENEZ and YESENIA CRUZ CRUZ | ALISON BERRY WILKINSON (SBN 135890)<br>**BERRY WILKINSON LAW GROUP**<br>165 N. Redwood Drive, Ste 201<br>San Rafael, CA 94903<br>Tel: +1 415-259-6638<br>Fax: +1 877-259-3762<br>alison@berrywilkinson.com<br><br>Attorney for Defendants BRANDON NAIL and DAISY MAZARIEGOS |

DALE L. ALLEN (SBN 145279)
**ALLEN, GLAESSNER, HAZELWOOD, AND WERTH**
180 Montgomery Street, Ste 1200
San Francisco, CA 94104
d.allen@aghwlaw.com

Attorney for Defendants CITY OF SAN RAFAEL and SAN RAFAEL POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIO JIMENEZ LOPEZ and YESENIA CRUZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SAN RAFAEL; SAN RAFAEL POLICE DEPARTMENT; DAISY MAZARIEGOS; BRANDON NAIL; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | CASE NO. 3:23-cv-03652<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT PER DOCKET NO. 37**<br><br>Date:　　　　May 10, 2024<br>Time:　　　　10:00 a.m.<br>Location:　　Zoom Webinar<br>　　　　　　　https://www.cand.uscourts.gov/vc<br>Judge:　　　The Hon. Vince Chhabria<br>Complaint filed:　July 24, 2023 |

　　　　Pursuant to the Clerk's Notice at Docket No. 41, Federal Rule of Civil Procedure 26(f), Local Rules 16-9 and 16-10, and the Standing Order for All Judges of the Northern District of

-1-

| | |
|---|---|
| JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT | CASE NO. 3:23-CV-03652-VC |

California – Contents of Joint Case Management Statement, Plaintiffs Julio Jimenez Lopez and Yesenia Cruz Cruz (collectively, "Plaintiffs"), Defendants City of San Rafael and San Rafael Police Department (collectively, "San Rafael"), and Defendants Brandon Nail and Daisy Mazariegos (collectively, "Officers") submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference scheduled for May 10, 2024 at 10:00 AM via Zoom webinar accessed at https://www.cand.uscourts.gov/judges/chhabria-vince-vc/. A previous Case Management Conference occurred on October 27, 2023.  See, ECF No. 25.

## I. JURISDICTION & SERVICE

This Court has original jurisdiction pursuant to Title 28 of the United States Code ("U.S.C") sections 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. No issues exist regarding personal jurisdiction or service. All parties have been served.

## II. PRELIMINARY STATEMENT OF FACTS

### A. Plaintiffs' Description of the Case

Plaintiffs contend that on July 27, 2022, during an encounter with Mr. Lopez and two of his friends who were drinking beer in a parking lot in San Rafael, Officers Mazariegos and Nail used excessive and unnecessary force inflicting serious bodily injuries on Mr. Lopez. Mr. Lopez's injuries included a torn shoulder labrum requiring surgery, bilateral nasal bone fractures, and concussion. The officers' body worn camera video establishes that Mr. Lopez was compliant with the Officers and, never physically, verbally, or otherwise threatened either of the Officers in any way. Despite Mr. Lopez's compliance and the lack of any threat, Nail unnecessarily escalated the interaction by brusquely commanding Mr. Lopez to "SIT THE FUCK DOWN." Without providing Mr. Lopez any time to comply, and without employing any de-escalation techniques to avoid a physical encounter, Nail and Mazariegos then physically engaged Mr. Lopez by grabbing

his arms, tripping him, and taking him powerfully to the pavement. While Mr. Lopez was seated firmly on the ground, his back against a truck, his left hand bracing himself on the ground and holding his wallet, and his right arm actively restrained by Mazariegos, Nail punched Mr. Lopez in the nose with a closed fist:

**Mr. Lopez's left hand on ground while being punched by Nail:**



**Mr. Lopez's right arm restrained by Mazariegos while being punched by Nail:**



Both officers then filed false police reports claiming that Nail punched Mr. Lopez because Mr. Lopez had attempted to put Nail in a headlock and was attempting to grab weapons on Nail's vest with his right hand. Mr. Lopez is 5'0" and weighs roughly 135 – 140 pounds. Officer Nail is roughly 6'2" and weighs approximately 250 pounds. Mr. Lopez adamantly denies attempting to headlock Officer Nail or grab weapons on Officer Nail's vest. The body worn camera videos show that Mazariegos was restraining Mr. Lopez's right arm when punched.

Though Mr. Lopez was initially charged with felony obstruction by threat and other crimes, the Marin District Attorney dismissed all charges immediately after watching the body worn camera footage. Nail and Mazariegos were subsequently terminated by the San Rafael Police Department. San Rafael Police Department Chief Spiller's termination letter to Officer Nail stated: "Throughout the encounter with Mr. Lopez, you approached him in a confrontational and challenging manner which further escalated the situation and resulted in you using force against Mr. Lopez." Both Officer Nail and Mazariegos were ultimately charged by the Marin County District Attorney with two felony counts: (i) assault under color of authority, and (ii) making false statements in a police report. Those charges are currently pending.

The primary issue in this case is whether Officer Nail's and Mazariegos's use of force was justified or excessive.

**B.     Defendants Officer Mazariegos's and Nail's Description of the Case**

Defendant Officers contend they lawfully detained and arrested Plaintiff Lopez on July 27, 2022, and, given the totality of circumstances, used constitutionally reasonable force to overcome his resistance.

Defendant Officers are currently being criminally prosecuted in state court, and civilly sued in federal court, for substantially related conduct arising out of the same underlying events. (See, *People v. Nail* and *People v. Mazariegos,* Marin County Superior Court Case Nos. CR0000077A and B). A preliminary hearing on these charges resulted in a holding order issuing on December 15, 2023. An Information was filed on December 21, 2023, charging both Officers with Assault by a Public Officer in violation of California Penal Code section 149 (a felony), with an enhancement for inflicting great bodily injury within the meaning of California Penal Code Section 12022.7(a). Officer Nail was further charged with filing a false police report in violation of California Penal Code section 118.1. No trial date has yet been set. Rather, the Court approved a briefing schedule for two significant motions that potentially may alter the landscape of the criminal case and impact trial scheduling. The hearing on those two motions is set for June 20, 2024. Defendant Officers respectfully exercise their Fifth Amendment right against self-incrimination with regard to their description of the case.

**C.     Defendant San Rafael's Description of the Case**

The San Rafael Police department denies allegations to the related to the Fourth, Fifth, Sixth, and Seventh causes of action under Monell v. Department of Social Services City of New York. The evidence will show the City of San Rafael and San Rafael Police department did not have a custom, policy, practices or procedures in place in violation of the constitutional rights of plaintiff. The evidence will show the defendants did not ratify the actions of either defendant officers. The evidence will show the defendant department met all obligations of the Commission on Peace Officers Standards and Training, the legislatively created body by the State of California to set training and standards and who audit for compliance of the training and standards of law enforcement in the State of California.

//

## III. LEGAL ISSUES

### A. Plaintiffs' Statement of Legal Issues

All Defendants have filed an Answer to the Second Amended Complaint. Based on those Answers, Plaintiffs foresee the following legal issues in the case:

- Whether the Officers' detention and arrest of Mr. Lopez was unreasonable.
- Whether the Officers used excessive force.
- Whether the Officers violated Mr. Lopez's right of equal protection.
- Whether there are grounds to sustain a *Monell* claim.
- Whether the City of San Rafael and/or the San Rafael Police Department ratified the Officers' conduct.
- Whether the Officers falsely arrested and/or imprisoned Mr. Lopez.
- Whether the Officers assaulted and/or committed battery against Mr. Lopez in violation of California Government Code Section 820.
- Whether the Defendants' conduct violated the Bane Act, California Civil Code Section 52.1.

### B. Defendants Officer Mazariegos's and Nail's Statement of Legal Issues

- Whether the Officers are entitled to a stay on initial disclosures and any discovery directed toward them until the state court criminal prosecution concludes;
- Whether the detention of Mr. Lopez was supported by reasonable suspicion;
- Whether the arrest of Mr. Lopez was supported by probable cause;
- Whether the force used during the detention and arrest was reasonable given the totality of circumstances;
- Whether the detention and arrest was based on any protected characteristic;
- Whether the Officers are entitled to qualified immunity;
- Whether the Officers' actions were consistent with California law; and
- Whether the Officers are entitled to immunity under California law.

### C. Defendant San Rafael's Statement of Legal Issues

The City of San Rafael will establish the evidence there were no Monell violations

underlying or arising subsequent to the incident in question.

## IV.    MOTIONS

There are no motions currently pending. Defendant CITY OF SAN RAFAEL anticipates filling a motion for summary judgment in the Monell issues. A hearing date of September 20, 2024 at 10:00 a.m. was previously set by this Court. See, ECF 42.

## V.    AMENDMENT OF PLEADINGS

On January 24, 2024, Plaintiff filed a Second Amended Complaint following a meet and confer with defense counsel. That amendment resolved the Motion to Dismiss previously filed by the Officers. All defendants have answered the Second Amended Complaint.

## VI.    EVIDENCE PRESERVATION

The parties confirm that their respective counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action. The parties have met and conferred regarding reasonable and proportionate steps to preserve evidence and have agreed to preserve evidence relevant to the issues.

## VII.    DISCLOSURES

The parties have met and conferred regarding their Rule 26 initial disclosures. Rule 26 disclosures by Plaintiff and the municipal defendants (City of San Rafael and San Rafael Police Department) have been made. Both the municipal defendants and Plaintiff have also served documents associated with their written disclosures. The Officer Defendants have requested, and are awaiting, an updated computation of damages.

Given the pending criminal proceedings, this Court issued a stay of discovery related to the Officers, which postpones the initial disclosures deadline until after the criminal proceedings conclude.

## VIII.    DISCOVERY

Plaintiff is in the process of meeting and conferring with the Municipal Defendants regarding the scheduling of a PMK Deposition on various categories related to *Monell* issues. No other formal discovery has been exchanged to date in this case.

-6-
JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT                                                                    CASE NO. 3:23-CV-03652-VC

Given the pending criminal proceedings, discovery as to the defendant Officers was stayed by this Court on October 27, 2023.

**A.   Rule 26(f)(1):  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(1), including a statement as to when disclosures under subdivision 26(a)(1) were made or will be made.**

Plaintiffs and the municipal defendants completed their initial disclosures.

This Court stayed the requirement for defendant Officers to make initial disclosures until after the criminal proceedings have concluded.

**B.   Rule 26(f)(2):  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

   **1.   Plaintiffs' Statement**

Plaintiffs will serve discovery on a number of topics including: the grounds for the Officers' detention and arrest of Mr. Lopez; the reasons for the Officers' use of force; the San Rafael Police Department's custom's, practices, and policies with regard to use of force; the training and supervision afforded to the Officers' with regard to de-escalation techniques and use of force; the municipal defendants' response to the Officers' escalation of the encounter with Mr. Lopez, use of force, and false reporting.

In addition to deposing the Officers, all other officers that were present at any time at the subject scene, and the supervising officers charged with investigating the Officers' conduct at issue, Plaintiffs will conduct 30(b)(6) depositions regarding the San Rafael Police Department's custom's, practices, and policies with regard to use of force; the training and supervision afforded to the Officers' with regard to de-escalation techniques and use of force; and the municipal defendants' response to the Officers' escalation of the encounter with Mr. Lopez, use of force, and false reporting.

Plaintiffs intend to commence written discovery within 30 days of the pleadings being finalized and the case put at issue, assuming a stipulated agreement can be reached to address the Officers' Fifth Amendment concerns. Plaintiffs anticipate serving deposition notices after the initial and one follow up round of written discovery.

   **2.   Defendants Officer Mazariegos's and Nail's Statement**

This Court granted the defendant Officers a limited stay on both initial disclosures and discovery while criminal proceedings are pending in order to fully protect their Fifth Amendment Rights.

      **3.**    **Defendant San Rafael's Statement**

Per code and as set forth in scheduling order.

**C.**    **Rule 26(f)(3):  Any issues relating to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have agreed to use the Northern District of California's ESI protocol.  The parties do not currently anticipate any issues relating to the disclosure or discovery of electronically stored information.  The parties agree to address any such issues in the event they arise.

**D.**    **Rule 26(f)(4):  Any issues relating to claims of privilege or of protection as to trial preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the Court to include their agreement in the order.**

The parties are drafting a protective order modeled after the Northern District of California's model protective order.

**E.**    **Rule 26(f)(5):  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

      **1.**    **Plaintiffs' Statement**

Plaintiffs anticipate the need to increase the number of permitted depositions from ten (10) to fifteen (15) and the number of permitted interrogatories, although a specific number has not yet been determined.

      **2.**    **Defendants Officer Mazariegos's and Nail's Statement**

Defendant Officers have received a limited stay on both initial disclosures and discovery while criminal proceedings are pending in order to fully protect their Fifth Amendment Rights.

      **3.**    **Defendant San Rafael's Statement**

Per Code.

**F.**    **Rule 26(f)(6):  Any other orders that should be entered relating to discovery.**

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

1  Plaintiff does not contemplate the need for other orders relating to discovery.

2  Defendant Officers have received a stay on both initial disclosures and discovery directed
3  toward them while the concurrent state court criminal proceedings are pending in order to fully
4  protect their Fifth Amendment rights.

### G. Anticipated Discovery Disputes.

None.  A Notice of Referral to Magistrate Judge Lisa J. Cisneros was made by this Court on November 1, 2023.  See, Docket No. 26.

## IX. RELATED CASES

There are no related cases or proceedings pending before another Judge of this Court.

There are two related proceedings pending in Marin County Superior Court.  First, the criminal charges referenced *supra* in the matter of *People v. Nail and Mazariegos,* Marin County Superior Court Case No. CR0000077A/B.  Second, a civil petition that was recently filed by the City of San Rafael to compel the testimony of Plaintiff Lopez and other third-party witnesses in connection with the pending administrative appeal filed by Defendant Nail challenging his employment termination.  The administrative appeal is being heard before Arbitrator Daniel Saling.  The petition to compel the testimony of Plaintiff Lopez is entitled: *Brandon Nail v. City of San Rafael,* Marin County Superior Court Case no. CV0002394.

## X. RELIEF

### A. Plaintiffs' Statement

Plaintiffs' seek compensatory damages, punitive damages against the Officers, statutory damages, reasonable costs and expenses of litigation including attorney fees, and pre and post-judgment interest. Plaintiff contends that damages will be calculated according to proof pursuant to all applicable laws and regulations.

### B. Defendants Officer Mazariegos's and Nail's Statement

Defendant Officers are seeking no damages in this action. Defendants reserve the right to seek costs from Plaintiff should Defendants be deemed the prevailing party in this matter.

### C. Defendant San Rafael's Statement

N/A.

## XI. SETTLEMENT AND ADR

All parties have agreed to ADR via either (i) a Mandatory Settlement Conference conducted by a Magistrate Judge of this Court; or (ii) private mediation.

This Court referred this matter to the Honorable Magistrate Judge Kandis A. Westmore for settlement purposes. (ECF 43.) A pre-settlement telephone conference to discuss scheduling occurred on April 25, 2024. A May 29, 2024 settlement conference is currently scheduled with Judge Westmore.

## XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to proceeding before a magistrate Judge.

## XIII. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## XIV. NARROWING OF ISSUES

### A. Plaintiffs' Statement

In recognition of Judge Chhabria's Standing Order regarding *Monell* claims and in the interest of efficiency, Plaintiffs are open to a stay of all *Monell* claims against the City of San Rafael and the San Rafael Police Department pending resolution of the constitutional claims against the Officers.

### B. Defendants Officer Mazariegos's and Nail's Statement

Defendant Officers take no position on whether a stay of the *Monell* claims against the City of San Rafael is appropriate.

### C. Defendant San Rafael's Statement

Monell discovery in the form of Rule 26 disclosures has been provided, and a hearing date on the Monell claims has been set.

## XV. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

//

-10-

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT                                                         CASE NO. 3:23-CV-03652-VC

## XVI. SCHEDULING

The following schedule was established by this Court following the Case Management Conference held on February 16, 2024 (ECF 42), and was specifically limited to the Monell issues presented given the stay that issued for the claims made against the Defendant Officers:

| Event | Deadline |
| --- | --- |
| Completion of fact discovery | July 12, 2024 |
| Designation of Experts | July 18, 2024 |
| Rebuttal Expert Reports | August 2, 2024 |
| Motion for Summary Judgment Hearing | September 20, 2024 |

## XVII. TRIAL

All parties demand a jury trial. Plaintiffs anticipate a two week trial. Defendant Officers request this Court delay the setting of a trial date until after the pending criminal proceedings conclude and the stay is lifted. The parties continue to meet and confer regarding appropriate trial dates given the stayed discovery as to the Defendant Officers.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are not aware of any non-party interested entities or persons.

## XIX. PROFESSIONAL CONDUCT

The parties certify that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

The parties intend to stipulate to electronic service of all documents, including discovery materials and correspondence, which are not filed with the Court.

//
//
//
//

DATED: May 1, 2024          Respectfully submitted,

By: /s/
Theo Emison (SBN 209183)
t.emison@veenfirm.com
Anthony Label (SBN 20592)
a.label@veenfirm.com
**The Veen Firm LLP**
Attorneys for Plaintiffs

DATED: May 1, 2024          By: /s Alison Berry Wilkinson
Alison Berry Wilkinson (SBN 135890)
alison@berrywilkinson.com
**BERRY WILKINSON LAW GROUP**
Attorney for Defendants Brandon Nail and Daisy Mazariegos

DATED: May 1, 2024          By: /s/
Dale L. Allen (SBN 145279)
d.allen@aghwlaw.com
**ALLEN, GLAESSNER, HAZELWOOD, AND WERTH**
Attorney for Defendants City of San Rafael and San Rafael Police Department

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/) of Theo Emison and Dale L. Allen.

/s Alison Berry Wilkinson
Alison Berry Wilkinson