1  ANTHONY L. LABEL (SBN 205920)
   THEO J. EMISON (SBN 209183)
2  **THE VEEN FIRM LLP**
   20 Haight Street
3  San Francisco, CA  94102
   Tel.: +1 415 673 4800
4  Fax: +1 415 771 5845
   al.team@veenfirm.com
5  t.emison@veenfirm.com

6  Attorneys for Plaintiffs JULIO LOPEZ
   JIMENEZ and YESENIA CRUZ CRUZ
7

8  DALE L. ALLEN (SBN 145279)
   **ALLEN, GLAESSNER, HAZELWOOD,**
9  **AND WERTH**
   180 Montgomery Street, Ste 1200
10 San Francisco, CA  94104
   d.allen@aghwlaw.com
11
   Attorney for Defendants CITY OF SAN
12 RAFAEL and SAN RAFAEL POLICE
   DEPARTMENT

ALISON BERRY WILKINSON (SBN 135890)
**BERRY WILKINSON LAW GROUP**
165 N. Redwood Drive, Ste 201
San Rafael, CA 94903
Tel: +1 415-259-6638
Fax: +1 877-259-3762
alison@berrywilkinson.com

Attorney for Defendants BRANDON NAIL and
DAISY MAZARIEGOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIO JIMENEZ LOPEZ and YESENIA CRUZ,<br><br>           Plaintiffs,<br><br>    v.<br><br>CITY OF SAN RAFAEL; SAN RAFAEL POLICE DEPARTMENT; DAISY MAZARIEGOS; BRANDON NAIL; and DOES 1-50, inclusive,<br><br>           Defendants. | CASE NO. 3:23-cv-03652<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT PER DOCKET NO. 37**<br><br>Date:         June 28, 2024<br>Time:         10:00 a.m.<br>Location:     Zoom Webinar<br>              https://www.cand.uscourts.gov/vc<br>Judge:        The Hon. Vince Chhabria<br>Complaint filed: July 24, 2023 |

Pursuant to the Clerk's Notice at Docket No. 55, Federal Rule of Civil Procedure 26(f), Local Rules 16-9 and 16-10, and the Standing Order for All Judges of the Northern District of

-1-

California – Contents of Joint Case Management Statement, Plaintiffs Julio Jimenez Lopez and Yesenia Cruz Cruz (collectively, "Plaintiffs"), Defendants City of San Rafael and San Rafael Police Department (collectively, "San Rafael"), and Defendants Brandon Nail and Daisy Mazariegos (collectively, "Officers") submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference scheduled for June 28, 2024 at 10:00 AM via Zoom webinar accessed at https://www.cand.uscourts.gov/judges/chhabria-vince-vc/. Previous Case Management Conferences occurred on May 10, 2024, and October 27, 2023. *See* ECF No. 25, 52.

## I. JURISDICTION & SERVICE

This Court has original jurisdiction pursuant to Title 28 of the United States Code ("U.S.C") sections 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. No issues exist regarding personal jurisdiction or service. All parties have been served.

## II. PRELIMINARY STATEMENT OF FACTS

### A. Plaintiffs' Description of the Case

Plaintiffs contend that on July 27, 2022, during an encounter with Mr. Lopez and two of his friends who were drinking beer in a parking lot in San Rafael, Officers Mazariegos and Nail used excessive and unnecessary force inflicting serious bodily injuries on Mr. Lopez. Mr. Lopez's injuries included a torn shoulder labrum requiring surgery, bilateral nasal bone fractures, and concussion. The officers' body worn camera video establishes that Mr. Lopez was compliant with the Officers and, never physically, verbally, or otherwise threatened either of the Officers in any way. Despite Mr. Lopez's compliance and the lack of any threat, Nail unnecessarily escalated the interaction by brusquely commanding Mr. Lopez to "SIT THE FUCK DOWN." Without providing Mr. Lopez any time to comply, and without employing any de-escalation techniques to

avoid a physical encounter, Nail and Mazariegos then physically engaged Mr. Lopez by grabbing his arms, tripping him, and taking him powerfully to the pavement. While Mr. Lopez was seated firmly on the ground, his back against a truck, his left hand bracing himself on the ground and holding his wallet, and his right arm actively restrained by Mazariegos, Nail punched Mr. Lopez in the nose with a closed fist:

**Mr. Lopez's left hand on ground while being punched by Nail:**



**Mr. Lopez's right arm restrained by Mazariegos while being punched by Nail:**



Both officers then filed false police reports claiming that Nail punched Mr. Lopez because Mr. Lopez had attempted to put Nail in a headlock and was attempting to grab weapons on Nail's vest with his right hand. Mr. Lopez is 5'0" and weighs roughly 135 – 140 pounds. Officer Nail is roughly 6'2" and weighs approximately 250 pounds. Mr. Lopez adamantly denies attempting to headlock Officer Nail or grab weapons on Officer Nail's vest. The body worn camera videos show that Mazariegos was restraining Mr. Lopez's right arm when punched.

Though Mr. Lopez was initially charged with felony obstruction by threat and other crimes, the Marin District Attorney dismissed all charges immediately after watching the body worn camera footage. Nail and Mazariegos were subsequently terminated by the San Rafael Police Department. San Rafael Police Department Chief Spiller's termination letter to Officer Nail stated: "Throughout the encounter with Mr. Lopez, you approached him in a confrontational and challenging manner which further escalated the situation and resulted in you using force against Mr. Lopez." Both Officer Nail and Mazariegos were ultimately charged by the Marin County District Attorney with two felony counts: (i) assault under color of authority, and (ii) making false statements in a police report. Those charges are currently pending.

The primary issue in this case is whether Officer Nail's and Mazariegos's use of force was

-3-

justified or excessive.

**B.     Defendants Officer Mazariegos's and Nail's Description of the Case**

Defendant Officers contend they lawfully detained and arrested Plaintiff Lopez on July 27, 2022, and, given the totality of circumstances, used constitutionally reasonable force to overcome his resistance. Defendant Officers respectfully exercise their Fifth Amendment right against self-incrimination with regard to their description of the case.

Defendant Officers are currently being criminally prosecuted in state court, and civilly sued in federal court, for substantially related conduct arising out of the same underlying events. (See, *People v. Nail* and *People v. Mazariegos,* Marin County Superior Court Case Nos. CR0000077A and B). A preliminary hearing on these charges resulted in a holding order issuing on December 15, 2023.  An Information was filed on December 21, 2023, charging both Officers with Assault by a Public Officer in violation of California Penal Code section 149 (a felony), with an enhancement for inflicting great bodily injury within the meaning of California Penal Code Section 12022.7(a).  Officer Nail was further charged with filing a false police report in violation of California Penal Code section 118.1.

**Current status of the criminal case:**  No trial date has yet been set.  Currently pending before the Honorable Kevin Murphy of the Marin County Superior Court are three significant motions, one of which was filed on January 31, 2024, with the other two filed on April 7, 2024.  The outcome of these motions, which include motions to dismiss filed by both individual officer defendants and a motion by the prosecution to limit the use of expert witnesses, could potentially alter the landscape of the criminal case and impact trial scheduling.  The hearing on those three motions was originally set for April 30, 2024.  At the request of the prosecution, the hearing was reset for June 20, 2024.

On June 3, 2024, Judge Murphy notified all parties that he was "in the midst of jury selction on a trial expected to last until roughly June 27", which would "impact[] our scheduled June 20 date," and suggested moving the hearing date.  Following discussion between the court

and the parties concerning availability[1], on June 20, 2023 the Court set a new hearing date for August 14, 2024 at 1:30 p.m.

None of the delays in the criminal proceeding were initiated or requested by criminal defense counsel. Both were prepared to proceed with the hearings on the originally scheduled dates of April 30, 2024 and June 20, 2024. To date all delays have been at the request of either the prosecution or the Court.

### C. Defendant San Rafael's Description of the Case

The San Rafael Police department denies allegations to the related to the Fourth, Fifth, Sixth, and Seventh causes of action under Monell v. Department of Social Services City of New York. The evidence will show the City of San Rafael and San Rafael Police department did not have a custom, policy, practices or procedures in place in violation of the constitutional rights of plaintiff. The evidence will show the defendants did not ratify the actions of either defendant officers. The evidence will show the defendant department met all obligations of the Commission on Peace Officers Standards and Training, the legislatively created body by the State of California to set training and standards and who audit for compliance of the training and standards of law enforcement in the State of California.

## III. LEGAL ISSUES

### A. Plaintiffs' Statement of Legal Issues

All Defendants have filed an Answer to the Second Amended Complaint. Based on those Answers, Plaintiffs foresee the following legal issues in the case:

- Whether the Officers' detention and arrest of Mr. Lopez was unreasonable.
- Whether the Officers used excessive force.
- Whether the Officers violated Mr. Lopez's right of equal protection.
- Whether there are grounds to sustain a *Monell* claim.

---

[1] Criminal defense counsel for Officer Mazariegos will be out of the country on vacation from July 1 to 15, 2024; criminal defense counsel for Officer Nail will be out of state for the remainder of the month of July, and the assigned Deputy District Attorney is on vacation during the week of August 5, 2024. Based on these pre-planned absences, the Court chose August 14, 2024 for the hearing.

- Whether the City of San Rafael and/or the San Rafael Police Department ratified the Officers' conduct.
- Whether the Officers falsely arrested and/or imprisoned Mr. Lopez.
- Whether the Officers assaulted and/or committed battery against Mr. Lopez in violation of California Government Code Section 820.
- Whether the Defendants' conduct violated the Bane Act, California Civil Code Section 52.1.

B. **Defendants Officer Mazariegos's and Nail's Statement of Legal Issues**

- Whether the Officers are entitled to a stay on initial disclosures and any discovery directed toward them until the state court criminal prosecution concludes;
- Whether the detention of Mr. Lopez was supported by reasonable suspicion;
- Whether the arrest of Mr. Lopez was supported by probable cause;
- Whether the force used during the detention and arrest was reasonable given the totality of circumstances;
- Whether the detention and arrest was based on any protected characteristic;
- Whether the Officers are entitled to qualified immunity;
- Whether the Officers' actions were consistent with California law; and
- Whether the Officers are entitled to immunity under California law.

C. **Defendant San Rafael's Statement of Legal Issues**

The City of San Rafael will establish the evidence there were no Monell violations underlying or arising subsequent to the incident in question.

IV. **MOTIONS**

There are no motions currently pending. Defendant CITY OF SAN RAFAEL anticipates filling a motion for summary judgment in the Monell issues. A hearing date of September 20, 2024, at 10:00 a.m. was previously set by this Court. *See* Docket No. 42.

V. **AMENDMENT OF PLEADINGS**

On January 24, 2024, Plaintiff filed a Second Amended Complaint following a meet and confer with defense counsel. That amendment resolved the Motion to Dismiss previously filed by

the Officers.  All defendants have answered the Second Amended Complaint.

## VI.  EVIDENCE PRESERVATION

The parties confirm that their respective counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action.  The parties have met and conferred regarding reasonable and proportionate steps to preserve evidence and have agreed to preserve evidence relevant to the issues.

## VII.  DISCLOSURES

The parties have met and conferred regarding their Rule 26 initial disclosures. Rule 26 disclosures by Plaintiff and the municipal defendants (City of San Rafael and San Rafael Police Department) have been made.  Both the municipal defendants and Plaintiff have also served documents associated with their written disclosures.

Given the pending criminal proceedings, this Court issued a stay of discovery related to the Officers, which postpones the initial disclosures deadline until after the criminal proceedings conclude.

## VIII.  DISCOVERY

Plaintiff has propounded written discovery requests on the City relevant to Plaintiffs' *Monell* claims, and the parties are finalizing the scheduling of depositions relevant to the *Monell* claims, including two 30(b)(6) depositions.

Given the pending criminal proceedings, discovery as to the defendant Officers was stayed by this Court on October 27, 2023.

    **A.**    **Rule 26(f)(1):  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(1), including a statement as to when disclosures under subdivision 26(a)(1) were made or will be made.**

Plaintiffs and the municipal defendants completed their initial disclosures.

This Court stayed the requirement for defendant Officers to make initial disclosures until after the criminal proceedings have concluded.

/ / /

/ / /

**B.     Rule 26(f)(2):  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

### 1.     Plaintiffs' Statement

Plaintiffs have served written discovery requests on the City relevant to Plaintiffs' *Monell* claims, including regarding the grounds for the Officers' detention and arrest of Mr. Lopez; the reasons for the Officers' use of force; the San Rafael Police Department's custom's, practices, and policies with regard to use of force; the training and supervision afforded to the Officers' with regard to de-escalation techniques and use of force; the municipal defendants' response to the Officers' escalation of the encounter with Mr. Lopez, use of force, and false reporting. The City has responded to those requests and has provided documents, though counsel for the City has advised that further responsive documents will be produced.

In addition to deposing the Officers, all other officers that were present at any time at the subject scene, and the supervising officers charged with investigating the Officers' conduct at issue, Plaintiffs will conduct 30(b)(6) depositions regarding the San Rafael Police Department's customs, practices, and policies with regard to use of force; the training and supervision afforded to the Officers' with regard to de-escalation techniques and use of force; and the municipal defendants' response to the Officers' escalation of the encounter with Mr. Lopez, use of force, and false reporting. The parties have been meeting and conferring regarding scheduling these 30(b)(6) depositions as well as depositions of current or former San Rafael Police Department officials and are finalizing that scheduling. Because of scheduling conflicts preventing these depositions from being set for dates prior to the current July 12, 2024, deadline to complete fact discovery regarding Plaintiffs' *Monell* claims, the parties will be filing a stipulation this week seeking a continuance of the discovery deadlines governing the *Monell* claims.

Plaintiffs are continuing to meet and confer to attempt to reach a stipulated agreement to address the Officers' Fifth Amendment concerns. Should an agreement be reached and approved by the Court, or otherwise once the prosecutions have ended, Plaintiffs anticipate noticing the Defendant officers' depositions and propounding individual written discovery requests.

/ / /

  **2. Defendants Officer Mazariegos's and Nail's Statement**

This Court granted the defendant Officers a limited stay on both initial disclosures and discovery while criminal proceedings are pending in order to fully protect their Fifth Amendment Rights.

  **3. Defendant San Rafael's Statement**

Per code and as set forth in scheduling order.

**C. Rule 26(f)(3):  Any issues relating to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have agreed to use the Northern District of California's ESI protocol. The parties do not currently anticipate any issues relating to the disclosure or discovery of electronically stored information. The parties agree to address any such issues in the event they arise.

**D. Rule 26(f)(4):  Any issues relating to claims of privilege or of protection as to trial preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the Court to include their agreement in the order.**

The parties are drafting a protective order modeled after the Northern District of California's model protective order.

**E. Rule 26(f)(5):  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

  **1. Plaintiffs' Statement**

Plaintiffs anticipate there may be need to increase the number of permitted depositions from ten (10) to fifteen (15) and the number of permitted interrogatories, although a specific number has not yet been determined. Should Plaintiffs determine that a particular number of depositions greater than ten will be necessary, they will bring the issue to counsel's and the Court's attention at that time.

  **2. Defendants Officer Mazariegos's and Nail's Statement**

Defendant Officers have received a limited stay on both initial disclosures and discovery while criminal proceedings are pending in order to fully protect their Fifth Amendment Rights.

### 3. Defendant San Rafael's Statement

Per Code.

### F. Rule 26(f)(6): Any other orders that should be entered relating to discovery.

Plaintiff does not contemplate the need for other orders relating to discovery.

Defendant Officers have received a stay on both initial disclosures and discovery directed toward them while the concurrent state court criminal proceedings are pending in order to fully protect their Fifth Amendment rights.

### G. Anticipated Discovery Disputes.

None. A Notice of Referral to Magistrate Judge Lisa J. Cisneros was made by this Court on November 1, 2023. See Docket No. 26.

## IX. RELATED CASES

There are no related cases or proceedings pending before another Judge of this Court. There is one related proceeding pending in Marin County Superior Court. The criminal charges referenced *supra* in the matter of *People v. Nail and Mazariegos,* Marin County Superior Court Case No. CR0000077A/B.

## X. RELIEF

### A. Plaintiffs' Statement

Plaintiffs seek compensatory damages, punitive damages against the Officers, statutory damages, reasonable costs and expenses of litigation including attorney fees, and pre- and post-judgment interest. Plaintiffs contend that damages will be calculated according to proof pursuant to all applicable laws and regulations.

### B. Defendants Officer Mazariegos's and Nail's Statement

Defendant Officers are seeking no damages in this action. Defendants reserve the right to seek costs from Plaintiff should Defendants be deemed the prevailing party in this matter.

### C. Defendant San Rafael's Statement

N/A.

## XI. SETTLEMENT AND ADR

This Court referred this matter to the Honorable Magistrate Judge Kandis A. Westmore for

settlement purposes. (ECF 43.) A settlement conference occurred with Judge Westmore on May 29, 2024, at which this case did not settle. (ECF 54.) An additional telephonic conference has been set with Judge Westmore for September 26, 2024, to discuss a second settlement conference. (*Id.*)

## XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to proceeding before a magistrate Judge.

## XIII. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## XIV. NARROWING OF ISSUES

### A. Plaintiffs' Statement

In recognition of Judge Chhabria's Standing Order regarding *Monell* claims and in the interest of efficiency, Plaintiffs are open to a stay of all *Monell* claims against the City of San Rafael and the San Rafael Police Department pending resolution of the constitutional claims against the Officers.

### B. Defendants Officer Mazariegos's and Nail's Statement

Defendant Officers take no position on whether a stay of the *Monell* claims against the City of San Rafael is appropriate.

### C. Defendant San Rafael's Statement

Monell discovery in the form of Rule 26 disclosures has been provided, and a hearing date on the Monell claims has been set.

## XV. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVI. SCHEDULING

The following schedule was established by this Court following the Case Management Conference held on February 16, 2024 (ECF 42), and was specifically limited to the Monell issues presented given the stay that issued for the claims made against the Defendant Officers:

| Event | Deadline |
|---|---|
| Completion of fact discovery | July 12, 2024 |
| Designation of Experts | July 18, 2024 |
| Rebuttal Expert Reports | August 2, 2024 |
| Motion for Summary Judgment Hearing | September 20, 2024 |

As noted *supra*, the parties will be filing a stipulation to continue these deadlines in order to allow 30(b)(6) and other depositions relevant to Plaintiffs' *Monell* claims to be taken.

## XVII. TRIAL

All parties demand a jury trial. Plaintiffs anticipate a two week trial. Defendant Officers request this Court delay the setting of a trial date until after the pending criminal proceedings conclude and the stay is lifted. The parties continue to meet and confer regarding appropriate trial dates given the stayed discovery as to the Defendant Officers.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are not aware of any non-party interested entities or persons.

## XIX. PROFESSIONAL CONDUCT

The parties certify that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

The parties intend to stipulate to electronic service of all documents, including discovery materials and correspondence, which are not filed with the Court.

| | | |
|---|---|---|
| DATED: June 26, 2024 | By: | /s/Anthony Label |
| | | Anthony Label (SBN 20592) |
| | | a.label@veenfirm.com |
| | | Theo Emison (SBN 209183) |
| | | t.emison@veenfirm.com |
| | | **The Veen Firm LLP** |
| | | Attorneys for Plaintiffs |
| DATED: June 26, 2024 | By: | /s/Alison Berry Wilkinson |
| | | Alison Berry Wilkinson (SBN 135890) |
| | | alison@berrywilkinson.com |
| | | **BERRY WILKINSON LAW GROUP** |
| | | Attorney for Defendants Brandon Nail and Daisy Mazariegos |
| DATED: June 26, 2024 | By: | /s/Dale L. Allen |
| | | Dale L. Allen (SBN 145279) |
| | | d.allen@aghwlaw.com |
| | | **ALLEN, GLAESSNER, HAZELWOOD, AND WERTH** |
| | | Attorney for Defendants City of San Rafael and San Rafael Police Department |

## ATTORNEY ATTESTATION

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/) of Alison Berry Wilkinson and Dale L. Allen.

/s/Anthony Label
ANTHONY LABEL