```
DALE L. ALLEN. JR., State Bar No. 145279
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
LEORA R. RAGONES, State Bar No. 215423
lragones@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:     (415) 697-2000
Facsimile:      (415) 813-2045

Attorneys for Defendants
CITY OF SAN RAFAEL and SAN RAFAEL
POLICE DEPARTMENT
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIO JIMENEZ LOPEZ and YESENIA CRUZ CRUZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN RAFAEL; SAN RAFAEL POLICE DEPARTMENT; DAISY MAZARIEGOS; BRANDON NAIL; and DOES 1-50, inclusive<br>Defendants. | Case No. 3:23-cv-03652-VC<br><br>**DECLARATION OF SCOTT EBERLE IN SUPPORT OF DEFENDANTS' MOTION FOR ADJUDICATION AS TO THE THIRD THROUGH SIXTH (*MONELL*) CAUSES OF ACTION**<br><br>Hon. Vince Chhabria<br><br>Date:    December 12, 2024<br>Time:    10:00 a.m.<br>Ctrm:    4, 17th Floor<br><br>Trial:    None Set |

I, Scott Eberle, declare as follows:

1. I am a lieutenant with the San Rafael Police Department ("SRPD") and the officer in charge of the Records Bureau of the San Rafael Police Department.

2. The records referenced in the paragraphs below and attached to this declaration are true and correct copies maintained by the San Rafael Police Department.

3. At the time of the incident (and through present day), SRPD used policies and procedures developed and provided by Lexipol, Inc.  Lexipol drafts policies and procedures for law enforcement.

1  4. On July 27, 2022, those policies included (1) Training Policy (Policy 202); (2) Use of Force (Policy 300); (3) Standards of Conduct (Policy 320); (4) Report Preparation (Policy 322); (5) Bias Based Policing (Policy 401); and (6) Portable Audio/Video Recorders (Policy 422). In addition, SRPD also uses internal personnel rules and regulations, including: San Rafael Personnel Rules and Regulations Rule 12.3 – Causes for Disciplinary Action. (Attached as Exhibits A-H are true and correct copies of the aforementioned training policies:

- Exhibit A, Policy 202, bates COSR (Lopez) 004408-004409;
- Exhibit B, Policy 300, bates COSR (Lopez) 004427-004437;
- Exhibit C, Policy 320, bates COSR (Lopez) 004486-0044692;
- Exhibit D, Policy 322, bates COSR (Lopez) 004597-004601;
- Exhibit E, Policy 401, bates COSR (Lopez) 004690-004692;
- Exhibit F, Policy 422, bates COSR (Lopez) 004761-004766; and

5. Since March of 2021 and through the time of the incident at issue, David Spiller was Chief of SRPD.

6. At all relevant times, the chain of command was: officers reported to sergeants, who reported to lieutenants, who reported to captains, who reported to the Chief. (Id.) All members of SRPD were required to undertake extensive training both prior to and during their employment and SRPD Uses POST Standards and Requires Additional Training for its Officers. Prior to and as of July 27, 2022, SRPD was a "POST-certified" agency.

7. California Peace Officer Standards and Training ("POST") is a state-wide, quasi-governmental organization composed of law enforcement executives and advisors. POST sets forth standards for the basic and continued training of peace officers, and certifies local law-enforcement agencies and their officers as in compliance with those standards. In addition, POST reviews and certifies training courses developed by local law-enforcement agencies as in compliance with POST standards and expectations. POST conducts regular audits of local agencies and officers to determine compliance, and certifies those agencies and officers that are in compliance. As part of its certification, an agency must agree to abide by POST standards and only employ POST-certified officers

8. To receive POST certification, a police department must follow extensive training and fitness requirements for its officers and the agency. Specifically, POST certification requires: (a) successful completion of a 664-hour (six month), POST-certified police academy course, which includes 42 POST "Learning Domains," i.e., topics of study, including defensive tactics, racial profiling, investigatory detentions, the laws of arrest and the use of force; (b) approval of the candidate's medical condition and psychological condition, each by a licensed physician; (c) approval of the candidate's personal history and background for fitness to be a peace officer (at which point the candidate may be sworn as a peace officer); (d) ten weeks of field training with a qualified Field Training Officer ("FTO") for newly appointed officers; and (e) biannual update training for every officer who serves in a patrol function.

9. The biannual update training consists of 24 hours of continuing education, of which 12 hours are devoted to "perishable skills," i.e., skills that may deteriorate over time if not refreshed, as follows: four hours of Arrest Control Techniques, a form of defensive tactics including the proper use of force; four hours of non-pursuit operation of a motor vehicle; four hours of Tactical Firearms and/or use-of-force options. POST also requires two hours of Tactical Communications. Moreover, every quarter, SRPD officers undergo Continuous Professional Training (CPT). The SRPD's Field Training Officer program is 18 months, 16 weeks of intensive field training, exceeding POST's 10-week minimum, and the remaining time on probation.

10. SRPD requires the above POST training standards, and also provides internal training through line up training, training bulletins, Lexipol policies, general orders, California Peace Officer Association training, and training range, defensive tactics/weaponless defense, and Taser.

11. The City of San Rafael police department maintains a copy of all P.O.S.T. profiles of training completed by officers of the San Rafael police department. The P.O.S.T. profiles show Officer Nail and Officer Mazariegos were current on all training as certified peace officers in the State of California. (Attached as Exhibit H is a true and correct copy of Officer Nail's P.O.S.T. profile, bates COSR (Lopez) 000090-000091. Attached as Exhibit I is true and correct copy of Officer Mazariegos's P.O.S.T. profile, POST profile COSR (Lopez) 000189-000191.)

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

12. POST completed an audit of SRPD to ensure compliance with its minimum selection and training standards on January 12, 2022, just six months prior to the subject incident. That audit determined that (1) SRPD's roster of personnel was properly documented in the POST Electronic Data Interchange (EDI) System; and (2) the background files of all officers hired since the prior audit (April 13, 2021) were in compliance with established section standards. (Attached as Exhibit J is a true and correct copy of the January 12, 2022 audit, bates COSR (Lopez) 004159-004163.)

13. SRPD policy requires prompt reporting and documentation of incidents where force is used (e.g. Policy 300.6). Such documentation is maintained by the Department. (See Exhibit B, at COSR (Lopez) 004434.)

14. SRPD adheres to California Penal Code §832.5, which requires that the Department have a procedure for investigating complaints made by the public, and that it make a written description of the procedure available to the public. An Internal Affairs investigation conducted by the Department results in one of the following findings for each allegation, which have the following meanings:

   a. Exonerated: Action complained about did occur, but was lawful, justified, and proper.

   b. Not sustained: There is insufficient information/evidence to prove or disprove the allegation.

   c. Sustained: The allegation is supported by sufficient information and/or evidence.

   d. Unfounded: The allegation is false; alleged act did not occur, employee or UCPD was not involved.

15. SRPD tracks citizen complaints made against Officers and Professional Staff in the Department. From 2017 (inclusive) through 2021, the Department received a total of seven (7) complaints regarding use of force, broken down as follows: two complaints – one unfounded, one formal (2017); two complaints – both unfounded (2018); one complaint – unfounded (2019); one complaint – unfounded (2020); and one complaint - exonerated (2021). Not one was sustained. (Attached as Exhibit K, is a true and correct copy of SRPD Interdepartmental Memo titled "5-Year

1 Personnel Complaint Log, bates COSR (Lopez) 000249-000256.)

2     16.     Both officers involved in the subject incident were POST-certified after graduation
3 from the police academy. When an officer completes a training course it is logged into the
4 P.O.S.T. profile of the officer, which records all training an officer receives.

5     17.     Nail successfully completed the Field Training Program (FTO program) after he
6 was hired, and Mazariegos was currently in the probationary period of her FTO program when the
7 incident occurred. Officer Brandon Nail successfully completed 789 hours of training and Officer
8 Daisy Mazariegos successfully completed 1,056 hours.

9     18.     Prior to joining SRPD on September 30, 2019, Ofc. Nail had two years and 3
10 months of law enforcement experience with Sausalito Police Department in Sausalito, California.
11 Ofc. Mazariegos began her law enforcement career with SRPD on June 1, 2020. Since his hire
12 with SRPD, Ofc. Nail attended and completed training that covered topics such as (a)
13 firearms/long rifle ; (b) legal/patrol update; (c) domestic violence update; (d) Vehicle Pursuit
14 Policy; (e) biased based policing (fair and impartial policing); (f) first aid/CPR/AED refresher; (g)
15 driver's training (emergency vehicle operation course – "EVOC"); (h) basic firearms; (i) arrest and
16 control techniques; (j) elder and dependent abuse; (k) human trafficking; (l) active shooters/violent
17 intruder; (m) interview and interrogation; (n) tactical communication; (o) search and seizure; (p)
18 crisis intervention and de-escalation; (q) bias and racial profiling; (r) DUI detection; (s) advanced
19 roadside impaired driver enforcement; and (t) scenario evaluator.

20     19.     Ofc. Mazariegos began her law enforcement career with SRPD on June 1, 2020.

21     20.     At the time of the incident, Ofc. Mazariegos was a "probationary employee," who
22 was subject to separation at will until she had completed and passed her FTO program.

23     21.     Since her hire with SRPD, Ofc. Mazariegos attended and completed training that
24 covered topics such as (a) firearms/long rifle ; (b) Gun Violence Restraining Order (GVRO)
25 Course; (c) courtroom testimony; (d) Vehicle Pursuit Policy; (e) bias and racial profiling; (f) first
26 aid/CPR/AED refresher; (g) driver's training (emergency vehicle operation course – "EVOC"); (h)
27 basic firearms; (i) arrest and control techniques; (j) elder and dependent abuse; and (k) human
28 trafficking; (l) active shooters/violent intruders. (See Exhibit I.)

22. Ofc. Nail was the subject of one (1) use of force complaint, which stemmed from a May 1, 2020 incident and was later retracted by the complainant after a review of the body camera video confirmed it was unfounded. (Attached as Exhibit L is a true and correct copy of prior complaints against Ofc. Nail, bates COSR (Lopez) 000222-000228.)

23. Ofc. Mazariegos had no prior use of force related complaints during her time as a SRPD officer.

24. On July 27, 2022, SRPD Officer Daisy Mazariegos was on patrol when she saw multiple subjects drinking in the area of Windward Way in the City of San Rafael. (Attached as Exhibit M is a true and correct copy of the video footage of the BWC worn by Ofc. Mazariegos, bates COSR (Lopez) 000042.)

25. After the incident, Corporal Ocon, the supervisor of Ofc. Nail and Ofc. Mazariegos, arrived at the scene, as required by SRPD policy 300.8. A report on Ofc. Nail's use of forced was prepared by Corporal Ocon on August 23, 2022. (Attached as Exhibit N is a copy of the August 23, 2022 report, bates COSR (Lopez) 000069-000072.)

26. After Mr. Lopez was arrested, the SRPD Professional Standards Unit subsequently initiated an Internal Affairs ("IA") investigation into this incident (SRPD IA2022-03) to determine whether Ofc. Mazariegos' and Nail's actions were consistent with SRPD Policy.

27. In September, 2022, SRPD retained an outside investigator, Mr. Paul Henry (of Independent Investigative Consultants, LLC), to investigate the incident. (Attached as Exhibit O is a true and correct copy of Mr. Henry's Report of Daisy Mazariegos, bates COSR (Lopez) 000862-000959. Attached as Exhibit P is a true and correct copy of Mr. Henry's Report of Brandon Nail, bates COSR (Lopez) 000960-001051. Attached as Exhibit Q is a true and correct copy of Mr. Henry's Report of Oscar O'Con, bates COSR (Lopez) 001052-001108.)

28. Regarding Ofc. Mazariegos, Mr. Henry completed his investigation on March 29, 2023 and determined Ofc. Mazariegos violated various polices and her status as a probationary officers was ended and she was separated as an at will employee of the City of San Rafael and the San Rafael police department. (See Exhibit O, at COSR (Lopez) 000959.)

29. Mr. Henry determined that Ofc. Nail violated various polices of the San Rafael

police department. However, Mr. Henry determined that the allegation of excessive use of force was unfounded. (See Exhibit P, at COSR (Lopez) 001051.)

30. Chief Spiller accepted the findings and terminated the employment of Ofc. Nail subsequent to a June 21, 2023 *Skelly* hearing. (Attached as Exhibit R is a true and correct copy of the Notice of Intent to Terminate, summarizing the *Skelly* hearing, bates COSR (Lopez) 000257-000259.)

31. At the conclusion of the investigation, the report of Mr. Henry was published to the report was published to the public on the San Rafael Police department website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on November 7, 2024, at San Rafael, California.

Scott Eberle, Declarant