# EXHIBIT "L"




*22-20*     *Inf/Exor.*   *11/18/22*

# San Rafael Police Department
## Complaint Disposition

| Complaint Information ||
|---|---|
| Incident Date: July 18, 2022 | Complaint #: |
| Employees Involved: ▇▇▇▇▇ Nail #641, ▇▇▇▇▇ ||
| Complainant Name: ▇▇▇▇▇ ||
| Complaint Description: Rude and Discourteous, lack of investigation ||
| **Complaint Disposition:** ||
| Classification: Informal | Disposition: Exonerated |
| **Summary of Investigation:** ||

On Friday, September 23, 2022, Sgt. Delzell received a call from ▇▇▇ regarding an incident which took place on July 18, 2022. On the date and time of the incident, Officers ▇▇ Nail and ▇▇▇ responded to Los Ranchitos Park on reports of a subject being verbally aggressive and insulting people in the park. The reporting party, ▇▇▇ and a group of subjects identified the aggressive subject as ▇▇▇▇▇ Officer ▇▇ later documented this incident in report SR22-04977. The report is a summary box detailing how ▇▇ has made people in the park uncomfortable and how ▇▇ is frustrated about lack of dog enforcement at the park.

On September 23, 2022, I was assigned to investigate this complaint. My next work shift was on September 26, 2022. On September 26, 2022, I made contact with ▇▇ at her residence. I was wearing my Body Worn Camera during the interview. The contact was recorded. I created case number SR22-06767 to connect the video.

In summary, ▇▇ told me what she had told Sgt. Delzell. ▇▇ was upset with the handling officer, whom she identified as Officer Nail. She thought he was a bully who had threatened to put her in handcuffs. She thought his behavior was not appropriate for the situation. ▇▇ said she had told the responding officers about her dog being attacked and the rampant dog-off-leash behavior at the Los Ranchitos Park. ▇▇ did not mention Officer ▇▇. ▇▇ mentioned she had seen media coverage about Officer Nail and had been in touch with the lawyer representing the plaintiff in Officer Nail's recent case.

I returned to the SRPD where I watched the BWC video for this incident which was associated with Officer Nail's BWC. I believe, based on a totality of the

circumstances, Officer Nail's video captures the necessary interaction and dialogue to complete a complaint review of Officer Nail's and Officer ███ actions associated with this incident.

The following is a summary of the BWC video:

Officers arrived on scene. Officer ███ was the primary officer handling the call. Officer ███, in field training with Officer Nail, was secondary.

After speaking with the reporting party and a group of subjects in the park, the officers contacted ███. A discussion about dogs off leash in the park ensued. ███ explains about her dog being attacked and the officers listen. During the contact ███ reaches into her pockets several times. ███ is asked by Officer ███ several times not to reach into her pockets but continues to do so. During the contact, and after Officer ███ has asked ███ not to put her hands in her pockets at least twice, Officer Nail steps forward and gives a stern warning to ███ not to put her hands in her pockets. Officer Nail's tone is authoritative and direct. Officer Nail tells ███ he wants her to keep her hands out of her pockets or she will be put in handcuffs. Officer Nail gives ███ the option, or advice, to clasp her hands together if she cannot keep them out of her pockets. This interaction takes place at approximately 17:25 on Officer Nail's BWC timeline.

During the contact Officer ███ attempts to give ███ advice about her concerns regarding dogs off leash and her dog being attacked. ███ is, in essence, unhappy about the lack of enforcement regarding dogs off leash and the fact her HOA, the Humane Society and/or the SRPD cannot solve the problem.

When giving advice Officer Nail suggests taking her dog another direction from those in the park or going to a different park. In her interview with me on September 26, 2022, ███ had mentioned this comment and thought it inappropriate as her dog is a rescue and cannot be put in a vehicle after having been involved in a rollover collision.

Officer ███ offers advice which, in my opinion, it is clear ███ is not willing to take and/or, is not happy about. The interaction with ███ ends with Officers ███ and Nail walking way. Officer ███ tells ███ a report will be taken for documentation.

2

**ANALYSIS AND OPINION:**

Based on a totality of the circumstances which include, but are not limited to, the nature of the call for service, the interview with the reporting parties conducted by Officers ▮, Ahlenslager and Nail, the interview with ▮ conducted by Officer ▮, my interview with ▮, a review of the BWC video and a review of SRPD policies I formed the following opinions regarding the complaint made by ▮.

1) Whereas ▮ has not completed a written statement (blue form) regarding her complaint, it is clear she desired a formal complaint process against Officers ▮, Officer Nail.

2) The nature of the complaints against Officer ▮ and Officer Nail could best be described as "Rude and Discourteous." The most applicable Lexipol policy section is #302.5.9 – Standards of Conduct, Sub-Sections (c) and (f). I saw no actions by the involved officers which appear to violate department policy or California law. Officer ▮ makes repeated attempts to have ▮ keep her hands out of her pockets. An Officer asking and/or telling, a subject to keep hands out of their pockets is sound officer safety. Regardless of the nature of the call for service, this is acceptable police procedure. Failure of ▮ to comply with the request, or order, can reasonably foresee and escalation of command presence, of which stern tone is a factor. Officer ▮ attempts to provide meaningful solutions for ▮. Officer Nail, in what could be considered a "cover" role, is not outside of standard police training or procedure to attempt to have ▮ comply with Officer ▮ requests. Where Officer Nail's tone is stern and direct, I do not believe it qualifies as excessive. Officer Nail offers ▮ what could be considered an "if/then" statement regarding keeping her hands out of her pockets or ending up in handcuffs. At first glance, this call for service would not be considered "high risk." However, the original reporting group found ▮ behavior aggressive and out of line. This fact should not be lost on responding officers when deciding how to speak with ▮. Officers ▮ and Nail did not start with an aggressive, stern tone, and did not maintain that tone once it had its desired effect.

3) ▮ appears more concerned with the behavior of Officer Nail. This belief is based upon the fact she contacted an attorney representing a

3

plaintiff against Officer Nail and during my interview she did not mention Officer ▮▮▮▮.

4) ▮▮▮▮▮▮▮▮▮▮▮▮ is not mentioned by ▮▮▮▮, and I witnessed no actions inconsistent with department policy or California law. Officer ▮▮▮▮▮▮▮▮▮ is mentioned in this document due to her presence on scene, but she should not be considered as having a complaint lodged against her.

5) I recommend the complaints against Officer ▮▮▮▮ and Officer Nail be closed as "Exonerated".

| Investigator: Ingels #524 | Date: September 27, 2022 |
|---|---|
| Reviewed By: *Aso Norton*  Ry L #485 | Date: 10/5/22  10/6/22 |

4

**CONFIDENTIAL**                                    COSR (Lopez) 000225

CONFIDENTIAL        COSR (Lopez) 000225



# SAN RAFAEL POLICE DEPARTMENT

David C. Spiller, Police Chief

1375 Fifth Ave. San Rafael, CA 94901

VOICE (415) 485-3000   www.srpd.org   FAX (415) 485-3043

October 7, 2022



Dear ▓▓▓▓

I am writing you in response to the complaint you filed on September 23, 2022. The complaint involved an allegation of misconduct involving Officer ▓▓▓, Officer Nail, and Officer ▓▓▓▓.

In your complaint you allege that Officer ▓▓▓, Officer Nail, and Officer ▓▓▓▓ actions and behavior was not appropriate for the situation.

A formal Administrative Investigation was conducted by Sergeant Scott Ingels. The following findings were determined for the allegations as stated:

- *Allegation #1:* Policy 320.5.9 "Discourteous, disrespectful or discriminatory treatment of any member of the public or any member of this department or the City."

    *Finding:* **"Exonerated"**

A classification or finding of **"Exonerated"** means when the investigation discloses that the alleged act occurred but that the act was justified, lawful and/or proper.

As required in California Penal Code Section 832.7, details of the investigation, other than a copy of your initial complaint, or any discipline imposed as a result of any investigation, are confidential personnel matters and, therefore, cannot be shared.

We appreciate you taking the time to inform us of your perceptions and concerns, such matters are very important to this organization, and we care very much about how we are perceived by the public. We also take note of all complaints and use them to identify any patterns of behavior or conduct that needs correcting.

If you have any questions regarding the investigation or subsequent findings, please feel free to contact Lieutenant Lisa Holton at (415) 485-3049.

Sincerely,

*[signature]*

David C. Spiller, Police Chief



# San Rafael Police Department

## Complaint Disposition

INQ 21-16

| **Complaint Information** |||
|---|---|---|
| Incident Date: 06/24/2021 | INC: 2106230099 | Complaint #: |
| Employees Involved: Ofc. Nail | / | |
| Complainant Name: ▇▇▇▇▇▇▇▇▇ | | |
| Complaint Description: Rude/discourteous | | |
| **Complaint Disposition:** |||
| Classification: Inquiry | Disposition: | |

**Summary of Investigation:**

▇▇▇▇▇▇ called to complain about how Officer Nail handled a call for sevice and felt he was rude. Officers were called to a residence on Fifth Avenue regarding neighbors who put trash in the RP's trash bin.

Officers responded and determined that ▇▇▇▇ found the neighbors trash in her bin. She removed it and ▇▇▇ later spread the garbage on the neighbors lawn. That neighbor then squirted ▇▇▇▇ with water.

Both neighbors were advised to stay away from eachother and were given advice. While Officer Nail was trying to speak to ▇▇▇▇ she would talk over him. He had to tell her to let him speak. He told her to act like an adult, not to spread garbage on the neighbors lawn, and to call us.

I did not see any discourteous behavior from Officer Nail. I later spoke to ▇▇▇▇ where I gave her advice on how to obtain a TRO against her neighbor if she wished.

| Investigator: Sgt. Cleland | Date: 06/27/2021 |
|---|---|
| Reviewed By: ▇▇▇▇ #501 | Date: 7/1/21 |

PL- #485    7/6/21

/./s/. 7.8.21

20-05
INF
UNF



# San Rafael Police Department

## Complaint Disposition

| Complaint Information ||
|---|---|
| Incident Date: 5/1/20 | Complaint #: |
| Employees Involved: Officer Nail/ ▮▮▮▮▮ ||
| Complainant Name: ▮▮▮▮▮ ||
| Complaint Description: Unnecessary Force ||
| **Complaint Disposition:** ||
| Classification: Inquiry | Disposition: |

**Summary of Investigation:**

On 5/5/20, ▮▮▮▮▮ called and left a message for the chief on Anita Rose's voicemail. ▮▮▮▮▮ reported that prior to his arrest on 5/1/20 (SRPD Case SR20-03024), Officer Nail unnecessarily "hit" him in the stomach. ▮▮▮▮▮ claim was that his reaction to being hit was to hit Officer Nail's hand away. ▮▮▮▮▮ also claimed that Officers Nail and ▮▮▮▮▮ wrote police reports that did not accurately reflect the situation.

I reviewed all police reports for case SR20-03024, and reviewed body worn camera footage from Officers Nail and ▮▮▮▮▮. The police reports accurately reflected what I saw on the body worn camera footage. There was a clear angle of the events leading up to ▮▮▮▮▮ arrest and at no point did I see Officer Nail strike ▮▮▮▮▮ in the stomach. Officer Nail told ▮▮▮▮▮ he was detained and not free to leave. ▮▮▮▮▮ began to walk away, so Officer Nail placed his hand out in front of ▮▮▮▮▮ to keep him from leaving. It was at this point that ▮▮▮▮▮ slapped Officer Nail's hand away.

I contacted ▮▮▮▮▮ by phone on 5/30/20, at 1449 hours. During the conversation I confronted ▮▮▮▮▮ about his claim that Officer Nail struck him in the stomach. ▮▮▮▮▮ retracted his statement, and told me that he did not appreciate Officer Nail touching him on the stomach.

| | |
|---|---|
| Investigator: Duncan #542 | Date: 6/6/20 |
| Reviewed By: (signature) | Date: 6/12/20 |

On adt 478
ASIstaP  6/18/2020  6/16/20