# Exhibit K

**JULIO JIMENEZ LOPEZ AND YESENIA CRUZ**

**PLAINTIFFS,**

**v.**

**CITY OF SAN RAFAEL, SAN RAFAEL POLICE DEPARTMENT, DAISY MAZARIEGOS, BRANDON NAIL, ET. AL.**

**DEFENDANTS.**

**IN THE**

**UNITED STATES DISTRICT COURT**

**FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

**CIVIL ACTION NUMBER: CASE NO. 3:23-CV-03652-VC**

**RULE 26(A)(2)(B) REPORT OF THOMAS CHAPLIN**

**SEPTEMBER 20, 2024**

September 20, 2024

Mr. Dale Allen
Attorney at Law
Allen Glaessner Hazelwood Werth
180 Montgomery St., Suite 1200
San Francisco, CA. 94104

Re: Julio Jimenez Lopez and Yesenia Cruz vs. City of San Rafael; San Rafael Police Department; Daisy Mazariegos; Brandon Nail; et. al.
Case No. 3:23-cv-03652-VC

Dear Mr. Dale Allen,

In accordance with the Federal Rules of Civil Procedure 26(a)(2)(B), the following report presents my preliminary opinions about the above-cited case. I understand that additional discovery may be made available to me for further review and analysis, and I will provide a supplement to this report as necessary. Should Plaintiffs present any expert opinion on these topics, and to the extent they do, I reserve the right to review, respond to, and, as appropriate, rebut those opinions.

Sincerely,

*[signature]*

Thomas Chaplin

2

I agree with the following portion of Mr. Clark's opinion: "Law enforcement Officers are required to be ethical and professional in their contacts and to act accordingly in the best interest of the safety of citizens."

I agree with Mr. Clark's opinion that Officer Nail failed to be professional in his contact with Mr. Lopez on July 27, 2022. After a thorough investigation by a neutral investigator, Officer Mazariegos and Officer Nail were both found to have violated numerous policies of the San Rafael Police Department and the City of San Rafael. The internal affairs investigation conducted by Mr. Henry"( IA - COSR (Lopez) 000862-001108 IIC, LLC Investigative Reports) determined that the following allegations regarding Officer Nail's actions were proven based on a preponderance of the evidence standard:

> **Allegation 2**: Officer Nail failed to consider alternative tactics to using force and he failed to employ de-escalation techniques during the arrest of Mr. Lopez on July 27, 2022. (Pages 157-173) **Sustained**

I agree with the factors that Mr. Henry detailed to sustain that finding.

> **Allegation 3**: Officer Nail's conduct was discourteous and disrespectful toward Mr. Lopez during his detention and arrest on July 27, 2022. (Pages 167-173) **Sustained**

I agree with the factors that Mr. Henry detailed to sustain that finding.

> **Allegation 6**: Officer Nail's conduct during the detention and arrest of Mr. Lopez on July 27, 2022, brought discredit to the San Rafael Police Department. (185-190) **Sustained**

I agree with the factors that Mr. Henry detailed to sustain that finding.

Based on the facts regarding the circumstances involving the arrest of Mr. Lopez on July 27, 2022, Officer Mazariegos and Officer Nail both failed to meet this standard. Based on the testimony of San Rafael Police Chief Spiller from his deposition, he agreed that the officers failed to meet this standard.

As a result of the outside investigation by Mr. Henry and the sustained findings, and following due process rules, Officer Nail was terminated from his employment with the San Rafael Police Department. Officer Mazariegos was released from probation which effectively terminated her employment with the San Rafael Police Department.

I disagree with the second part of Mr. Clark's opinion where he asserts that Officer Nail's "actions in this incident can only be viewed as excessive, unnecessary, intrusive, and in violation of policy and law (as trained to all California certified Law Enforcement Officers by POST)."

While it is factually accurate that Officer Nail did not exercise de-escalation tactics, was discourteous and engaged in conduct unbecoming a San Rafael police officer, as required by the policy of the San Raphael Police Department, policy violations that were sustained by Mr.

Henry, this does not equate to the use of force itself being in violation of policy, nor has the use of force been deemed unlawful to date. Mr. Henry's investigation determined that *that Officer Nail's use of force was within policy and did not violate the above policies of the San Rafael Police Department and the City of San Rafael during the detention and arrest of Mr. Lopez on July 27, 2022*"( IA - COSR (Lopez) 000862-001108 IIC, LLC Investigative Reports, page 156). Mr. Henry found that *"the force used against Mr. Lopez was not excessive, improper, or against department policy "*( IA - COSR (Lopez) 000862-001108 IIC, LLC Investigative Reports, page 153).

In my opinion, Chief Spiller was correct in relying on the administrative personnel [internal affairs] investigation conducted by Mr. Henry, a neutral party. A neutral investigator is unencumbered by any internal or external pressures in the form of pressure from a police association, city and police department staff and/or outside pressures from the community or the media. A neutral investigator can focus on fact-finding and let those facts, gathered in the form of documentary and media evidence, testimonial evidence, policy and law, to determine whether the alleged policy violations occurred. In my opinion, based on my experience as a police chief, the decision maker on the discipline for internal affairs investigations, a Skelly officer, and having conducted, supervised, reviewed and managed over 100 internal affairs investigations, Chief Spiller followed best practices when we accepted the findings provided by Mr. Henry. In my opinion, and based on my personal and professional experience, police chiefs should rely on the findings of a neutral investigator, in the absence of objective facts that were known to a chief and ignored or disregarded by the neutral investigator.

### **Plaintiff Expert – Mr. Clark - Opinion #2**
I agree with some of the opinions offered by Mr. Clark in Opinion #2, while I disagree with components of this opinion.

Mr. Clark offered the following statement containing several opinions when he wrote:

> The Officers, including Officer Nail, engaged in inappropriate tactics prior to using force against Mr. Lopez. Officer Nail negligently failed to de-escalate the situation, or allow Officer Mazariegos to do so, instead using profanity toward Mr. Lopez and intervening even though he was the designated cover officer and so should not have spoken to Mr. Lopez at all. Officer Nail's conduct and language toward Mr. Lopez directly escalated the situation, leading to his and Officer Mazariegos's separately unnecessary and inappropriate decision to make physical contact with Mr. Lopez by grabbing his arms. Police Officers are trained that escalating the situation with an individual can result in the unnecessary use of force, which is what occurred in this case.

I agree that the officers did not utilize appropriate de-escalation techniques as required by the police of the SRPD and contrary to CA POST training and state law.

The Internal Affairs investigation involving Officer Nail (IA22-03) resulted in a finding of Sustained that Officer Nail failed to consider alternative tactics to using force and he failed to employ de-escalation techniques during the arrest of Mr. Lopez on July 27, 2022 ( IA - COSR

7

affairs investigations conducted by Mr. Henry. To do otherwise would have served to obviate the value of having an impartial, objective outside investigator. I agree with Chief Spiller's acceptance of the findings for each investigation.

Chief Spiller affirmed his decision-making process in accepting Mr. Henry's findings during his deposition (David Spiller_08.15.2024 full):

> *Q. And I take it that I think you've already said this, but you independently agreed with the findings in Henry's report? (Page 56)*
>
> *A. Yes. (Page 57)*
> *Q. So you didn't look at one of his findings where he felt there was a violation and come to a different opinion where you called Henry and said, no, I disagree with you?*
> *A. I did not.*
> *Q. And you actually agreed with his findings based on your training and experience and knowledge?*
> *A. That's correct. I concurred with the findings of his investigation. (Page 57)*

*[signature]*